# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME B., <br>                Plaintiff, <br> v. <br> ANDREW SAUL, Commissioner of Social Security, <br>                Defendant. | Case No.: 19-cv-02431-JLB <br><br> **ORDER:** <br><br> **(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 2]; AND** <br><br> **(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On December 18, 2019, Plaintiff Jamie B. ("Plaintiff") filed a complaint seeking review of the denial of his claim for social security disability insurance and supplemental security income benefits under the Social Security Act. (ECF No. 1.) Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

For the reasons set forth below, the Court (1) **DENIES** Plaintiff's motion to proceed IFP; and (2) **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** and with leave to amend for failure to state a claim upon which relief may be granted.

1

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974). An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)), so that the Court does not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019).

No. 18-cv-2133 W (BGS), 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses").

Here, Plaintiff concedes that his only source of monthly income—$5,200 per month in disability payments—covers all of his monthly expenses. (ECF No. 2 ¶¶ 1, 11.) These monthly expenses appear to include a $3,300 mortgage payment (including taxes and insurance), a $400 car payment for a 2016 vehicle, $900 for health, vehicle, and life insurance, and $700 for home maintenance, food, and utilities. (*Id.* ¶¶ 5, 8.) In addition to being able to meet his monthly expenses, Plaintiff states that he has $500 in cash and $1,500 in his bank account. (*Id.* ¶ 4.) There is also no indication that Plaintiff has any dependents who rely on him for support. (*Id.* ¶ 7.) Based on this record, the Court finds that Plaintiff does not meet the requirements for IFP status under 28 U.S.C. § 1915(a). It appears that Plaintiff can pay the filing fee with acceptable sacrifice to other expenses or savings. Accordingly, the Court **DENIES** Plaintiff's IFP motion.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017) (same). Specifically, complaints in social security appeal cases are subject to the Court's § 1915(e) screening of IFP cases. *See Hoagland v. Astrue*, No. 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) (screening is required "even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *Maryanne M. v. Saul*, No. 3:19-cv-02008-AHG, 2019 WL 5894711, at *2 (S.D. Cal. Nov. 12, 2019) (same); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but

3

requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint in a social security appeal may differ in some ways from other civil cases, but it is "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

With respect to social security appeals, several courts in the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that [s]he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citations omitted).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement. *Montoya*, 2016 WL 890922, at *2; *see also Cribbet v. Comm'r of Soc. Sec.*, No. 12-cv-01142-BAM, 2012 WL 5308044, at *3 (E.D. Cal. Oct. 29, 2012); *Graves v. Colvin*, No. 15-cv-00106-RFB, 2015 WL

357121, at *2 (D. Nev. Jan. 26, 2015). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14-cv-0383-GW (RNB), 2014 WL 1095941, at *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11-cv-00454-GSA, 2011 WL 1087261, at *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision"). The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." *Graves*, 2015 WL 357121, at *2.

Here, Plaintiff contends that a reversal or remand of Defendant's decision is warranted because "the denial of [Plaintiff's] disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g) and all other applicable laws and regulations, including the weight of the evidence, Plaintiff's credibility, the medical opinions of his doctors, and any and all other applicable evidentiary issues, both in law and in fact." (ECF No. 1 at 3.) However, Plaintiff does not explain which "evidentiary issues" are at issue or elaborate on the evidence that supports his disability claim. These boilerplate allegations are precisely the type of conclusory statements that fail to satisfy the federal pleading standard. *See Maryanne M.*, 2019 WL 5894711, at *2 (dismissing with leave to amend identical boilerplate language).

///
///
///

Because Plaintiff's complaint fails to state a claim, the Court must **DISMISS** Plaintiff's complaint pursuant to § 1915(e)(2)(B)(ii). However, Plaintiff shall have twenty-eight (28) days to file an amended complaint that cures the deficiencies discussed herein.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for leave to proceed IFP. (ECF No. 2.) To proceed with this lawsuit, Plaintiff must pay the $400 filing fee at the time of filing any amended complaint. If Plaintiff fails to submit a timely payment, this action will be subject to *sua sponte* dismissal under 28 U.S.C. § 1914(a).

Further, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to amend by **April 7, 2020**.

**IT IS SO ORDERED.**

Dated: March 10, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge